UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEROME A. LINDESMITH,<br><br>        Plaintiff,<br><br>v.<br><br>IAN CARL, *et. al.*,<br><br>        Defendants. | Case No. 3:23-CV-00331-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Jerome A. Lindesmith's ("Lindesmith"), application to proceed *in forma pauperis* (ECF No. 1), civil rights complaint, (ECF No. 1-1), and motion for appointment of counsel, (ECF No. 1-2). For the reasons stated below, the Court recommends that Lindesmith's *in forma pauperis* application, (ECF No. 1), and motion for appointment of counsel, (ECF No. 1-2), be denied as moot, and his complaint (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

I.  ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made

---

[1] This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Lindesmith cannot pay the filing fee, thus the Court recommends that Lindesmith not be assessed the filing fee and the motion be denied as moot. (ECF No. 1.)

## II.     SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

1  accept as true all well-pled factual allegations, set aside legal conclusions, and verify
2  that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S.
3  662, 679 (2009). The complaint need not contain detailed factual allegations, but must
4  offer more than "a formulaic recitation of the elements of a cause of action" and "raise a
5  right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is
6  taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies
7  to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).
8  Still, a liberal construction may not be used to supply an essential element of the claim
9  not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is
10 appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice
11 of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v.*
12 *United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

**III.    SCREENING OF COMPLAINT**

In his complaint, Lindesmith sues Defendants Sparks Police Department Officers Ian Carl, J. Lewallen, and D. James, and Washoe County Sheriffs Deputies Wood and Upton (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Lindesmith's complaint asserts various constitutional violations based on an arrest and subsequent state criminal case, including allegations of unreasonable search and seizure, due process violations, and violations of right to speedy trial. (*Id.* at 1-8.) Lindesmith seeks injunctive relief and monetary damages. (*Id.* at 9.)

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation

of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

It appears that Lindesmith is challenging the constitutionality of his state court criminal conviction. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas corpus* action.

Further, while unclear, but to the extent Lindesmith may be asking the Court to intervene in ongoing state criminal proceedings, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary

circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the parallel state-court proceedings").

For these reasons, the Court recommends that the complaint be dismissed without prejudice and without leave to amend. Additionally, because the Court recommends dismissal of this action, it also recommends that Lindesmith's motion for appointment of counsel, (ECF No. 1-2), be denied as moot.

## IV.    CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Lindesmith's application to proceed *in forma pauperis*, (ECF No. 1), and motion for appointment of counsel, (ECF No. 1-2), be denied as moot, and his complaint, (ECF No. 1-1), be dismissed without prejudice and without leave to amend.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Lindesmith's application to proceed *in forma pauperis*, (ECF No. 1), be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1).

**IT IS FURTHER RECOMMENDED** that Lindesmith's complaint, (ECF No. 1-1), be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER RECOMMENDED** that Lindesmith's motion for appointment of counsel, (ECF No. 1-2), be **DENIED AS MOOT**.

**DATED**: July 13, 2023

**UNITED STATES MAGISTRATE JUDGE**